IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JAWAN QUEENSBURY, | * | |
| Plaintiff, | * | |
| v | * | Civil Action No. PX-21-602 |
| WARDEN OF BCDC, | * | |
| Defendant. | * | |

\*\*\*

## MEMORANDUM OPINION

Jawan Queensbury brings this action against the Warden of the Baltimore County Detention Center ("BCDC"), alleging a violation of his Sixth Amendment right to a speedy trial because he was not tried within 180 days. ECF No. 1 at 2. He seeks monetary damages and an order directing dismissal of all criminal charges pending against him. *Id.* at 3.

Defendant has moved to dismiss the Complaint, principally arguing that Queensbury has not stated a legally cognizable constitutional violation. ECF No. 6-1. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the Court informed Queensbury that the failure to respond to the motion may result in dismissal of his case. ECF No. 7. Queensbury did not respond. The matter is now ripe for review, with no need for a hearing. *See* Loc. R. 105.6. For the reasons that follow, Defendant's motion shall be granted.

**I.     Background**

The Court accepts the averred facts in the Complaint as true and in the light most favorable to Queensbury. On August 21, 2020, Queensbury was arrested and charged with armed robbery and related offenses committed in Baltimore County, Maryland. *State of Maryland v. Queensbury*, Case No. D-08-CR-20-018700 (Dist. Ct. Balt. Cnty.); ECF No. 6-2. On August 23, 2020, Queensbury was released on a five-thousand-dollar bond and a promise to, among other things,

abide by the law.  ECF No. 6-3.  On August 28, 2020, the Office of the Public Defender entered its appearance on Queensbury's behalf and asserted his demand for a speedy trial.  ECF No. 6-4.

On September 4, 2020, while pending trial, Queensbury was arrested in Baltimore City for multiple new and unrelated criminal offenses.  *State of Maryland v. Queensbury*, Case No. 420272004 (Cir. Ct. Balt. City); ECF No. 6-9.  This arrest triggered a violation of his release conditions in the Baltimore County case and, thus, his bond was subsequently revoked.  ECF No. 6-5.  Queensbury was also indicted for the Baltimore County offenses and the matter was forwarded to the Circuit Court for Baltimore County.  ECF No. 6-7.  Queensbury now seeks money damages and immediate release stemming from his pretrial detention.

## II.     Standard of Review

When reviewing a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court accepts the well-pleaded allegations as true and most favorably to the plaintiff.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "However, conclusory statements or a 'formulaic recitation of the elements of a cause of action will not [suffice].'"  *EEOC v. Performance Food Grp., Inc.*, 16 F. Supp. 3d 584, 588 (D. Md. 2014) (quoting *Twombly*, 550 U.S. at 555).  "Factual allegations must be enough to raise a right to relief above a speculative level."  *Twombly*, 550 U.S. at 555.  "'[N]aked assertions' of wrongdoing necessitate some 'factual enhancement' within the complaint to cross 'the line between possibility and plausibility of entitlement to relief.'"  *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 557).  Although pro se pleadings are construed generously to allow for the development of a potentially meritorious case, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980), courts cannot ignore a clear failure to allege facts setting forth a cognizable claim.  *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).  When ruling on a motion to dismiss, the Court may

consider materials attached to the complaint without transforming the motion to dismiss into one for summary judgment.  *See* Fed. R. Civ. P. 10(c).  The Court may also consider materials attached to a motion to dismiss, so long as such materials are integral to the complaint and authentic.  *Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

### III.    Discussion

Defendant contends that the Complaint must be dismissed because Queensbury does not enjoy a constitutional right to be tried within 180 days.  The Court agrees.  The Sixth Amendment to the United States Constitution provides that a criminal accused enjoys the right to a speedy trial.  U.S. Const. amend. VI.  But Maryland's statutory mandate to try the criminally accused within 180 days does not implicate the Sixth Amendment.  *Vance v. Bishop*, Civil Action No. ELH-18-133, 2020 WL 2732075, at *9 (D. Md. May 22, 2020), *appeal dismissed and remanded on other grounds*, 827 F. App'x 333 (4th Cir. 2020); *see also State v. Hicks*, 403 A.2d 356, 361-62 (Md. Ct. App. 1979) (explaining that Maryland intended to provide additional statutory rights beyond the minimum threshold established by the Sixth Amendment).  Therefore, Queensbury's contention, based solely on state law, does not state a claim upon which relief can be granted.

To the extent Queensbury asks this Court to compel the Defendant to release him from incarceration, his request is akin to a petition for a writ of mandamus.  *See* 28 U.S.C. § 1361.  Under 28 U.S.C. § 1361, federal district courts have original jurisdiction over any action in the nature of mandamus to compel an officer or employee of the United States or one of its agencies to perform a duty owed to a petitioner.  By contrast, this Court has no mandamus jurisdiction over county or state employees, including the BCDC Warden, the named Defendant in this case.  *See generally Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587 (4th Cir. 1969).  Thus, Queensbury's claim seeking mandamus relief shall be dismissed.

Lastly, to the extent Queensbury seeks monetary damages, his claim also fails. Federal courts are of limited jurisdiction. *See Home Buyers Warranty Corporation v. Hanna*, 750 F.3d 427, 432 (4th Cir. 2014). Where Congress has not "empowered the federal judiciary to hear a matter" the Court must dismiss the case. *Hanna*, 750 F.3d at 432; *see also Miller v. Brown*, 462 F.3d 312, 316 (4th Cir. 2006). This is so even where no party challenges the Court's jurisdiction. *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). *See also Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506-07 (2006).

A federal court maintains subject matter jurisdiction generally in two ways. First, the court may hear actions that arise under the Constitution, laws, or treaties of the United States. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005); 28 U.S.C. § 1331. *See also* U.S. Constitution Art. III, § 2 ("The Judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made . . . ."). Second, the court may hear civil actions between citizens of different states where the amount in controversy exceeds $75,000. *Exxon Mobil Corp.*, 545 U.S. at 552; *see* 28 U.S.C. § 1332. This case satisfies neither jurisdictional basis. Because the Complaint fails to make plausible a valid Sixth Amendment violation, it likewise fails to state a federal question. And because the parties are all domiciled in Maryland, diversity jurisdiction is lacking. In the end, therefore, the Complaint fails to state a claim and must be dismissed.

### IV.    Conclusion

Based on the foregoing, Defendant's Motion to Dismiss shall be granted. A separate Order follows.

|  |  |
|---|---|
|    12/2/21    |    /S/    |
| Date | Paula Xinis |
|  | United States District Judge |